Ruffin, C. J.
 

 There is no force in either of the reasons in arrest. That respecting the tense, was taken and over-ruled in
 
 Martin’s case,
 
 2 Ired. 101. As to the other point, the record is right, in its present form. The enquiry, how the prisoner will be tried, which tenders to him an election as to the mode, had its origin; doubtless, in his
 
 *20
 
 right anciently to a trial by jury or by battle. But, though still made, in deference to long usage, that en-quiry, and the answer to it are held, at this day, an unmeaning ceremony; as we have but one method of proceeding for capital felonies, which is by indictment and trial by jury, indeed, although the old forms are adhered to in England, in the oral proceedings in the arraignment of the accused and taking his plea, yet the only note of them made at the time, is a memorandum by the clerk on the indictment — “po. se.” — meaning, that the prisoner put himself
 
 (ponit
 
 se) upon the country. 1
 
 Chit. C. L.
 
 416. And in the best formularies of engrossed records, no notice is taken of any part of that ceremony, subsequent to the plea ; but they merely state, that “being demanded concerning the premises, &c., how he will acquit himself thereof, he saith,
 
 that he is not guilty thereof
 
 and thereof, for good and evil,
 
 he puts himself upon the
 
 countryand then, after an entry of the similiter, (which, indeed, may be omitted, without error,) there follows immediately the award of the
 
 venire.
 
 4
 
 Bl. Com.
 
 340,
 
 Appendix
 
 3. Whether regard be had, then, either to the substance or the forms of the proceeding, it is only necessary, that there should be a plea of not guilty, tendering a proper issue to the country.
 

 It must, therefore, be certified to the Superior Court, that there was no error in passing judgment of death on the prisoner, to the end that it may be carried into execution.
 

 Per Curiam. Ordered to be certified accordingly.